By the Court.
Sedgwick, Ch. J.
The plaintiff mortgaged certain real estate owned by him, in the sum of $8,000, as security for the payment of his bond in that sum. One Wiener was mortgagee. Afterwards the plaintiff conveyed the real estate to the defendants in this action. The defendants, by the conveyance, assumed and *395 agreed to pay the mortgage. Subsequently the premises were conveyed to other parties, who also assumed and agreed to pay the mortgage. A breach of the conditions of the bond having occurred, Weiner began an action for the foreclosure of the mortgage, making parties defendant the present plaintiff, and the present defendants, and demanding against each the usual judgment for deficiency. The present plaintiff did not put in an answer or in any way make a defense in the foreclosure action. The present defendant, Zschwetzke, interposed an answer that he had been released from liability upon his covenant by Wiener, having extended to the mortgagor time for payment of the bond and mortgage. Thereupon, the attorney for plaintiff in the foreclosure, stipulated that he would not apply for any judgment for deficiency against the present defendants, and the answers were withdrawn. A writing produced on the present trial recites, that the differences between the present defendants and the plaintiff in the foreclosure were adjusted, it being proved that the defendants paid $650. The findings in the foreclosure action declare that Wiener’s claim against the present defendants was discharged. The foreclosure action proceeded to judgment directing sale of the property, and that the present plaintiff pay any deficiency, which resulted in there being final judgment against the present plaintiff in the sum of $4,081. This judgment for deficiency was assigned to one Stern, and the present plaintiff paid Stern $600 to procure a release from the judgment, and Stern gave such a release. The plaintiff now brings this action to recover the amount paid by him to Stern.
The plaintiff’s cause of action as claimed by him, is legal in its nature, for the breach by defendants of their promise to pay the mortgage made by the plaintiff. To sustain the action, it is necessary to show that the defendants have not paid in performance of their promise. The fact that the plaintiff had paid the mortgage would not of itself show that the defendants had not previously *396 themselves paid it. The same consideration applies to the payment by plaintiff of the deficiency judgment. If the defendants had paid the mortgage, the only obligation between them and the plaintiff was thereby performed. The defendants never promised to pay any judgment for deficiency that might be entered against the plaintiff. It may be remarked that the litigation of the foreclosure action did not comprise any adjudication as between the present parties, as to the defendants’ assumption of the mortgage. The significance of that action in relation to the rights founded upon the assumption, was that it liquidated the amount, which should be applied in reduction of the amount of the mortgage, under the right the parties had that the mortgagee should first resort to the land for satisfaction of the bond.
It is not necessary to ascertain how a plaintiff in such an action is to prove a breach of the agreement. For the defendants substantially defend by setting up that in equity the defendants were the principal debtors to the mortgagee, and that the plaintiff was but a surety for them, and that they extinguished the demand of the mortgagee against themselves, so as to extinguish any demand against the plaintiff, their surety.
To sustain this defense, the defedants proved that in the foreclosure action they interposed a defense, and that upon payment by them of $650 and the withdrawal of their answer, the differences between them and the mortgagee, the plaintiff in the foreclosure action, were adjusted, and the claim against them discharged. When the principals’ liability ceased, the plaintiff’s liability as surety ceased. Calvo v. Davies (73 N. Y. 211), decides one form of such a question, and it is unnecessary to add further authorities. From the time of this discharge, the mortgagee was bound to respect the rights of the plaintiff as surety. He ceased to have any right of action against the plaintiff, and the plaintiff ceased to be liable (Grow v. Garlock, 97 N. Y. 81; Hubbell v. Carpenter, 5 Barb. *397 520; Delaplaine v. Hitchcock, 4 Edw. 521; Brown v. Williams, 4 Wend. 360).
The fact is, that the plaintiff paid the deficiency judgment in ignorance of his having been discharged. Does this make the defendants liable ? It does not, unless there was some legal duty on their part to inform the plaintiff of what they had done, and even then the action would be for a violation of that duty. The plaintiff being only secondarily liable, would make him the party to inquire whether the party primarily liable had not satisfied the claim, if there were a duty as to the matter resting on one or the other. There was a certain presumption that the defendants had not failed to exonerate their surety, the plaintiff. But indeed, it appeared upon the record of the foreclosure proceedings that the claim had been discharged. That fact was found by the court. The plaintiff chose not to appear, and not to examine, and not to learn his rights. It is hardly doubtful that the plaintiff was not fairly dealt with, but if that were a consideration pertinent to the determination of this case, it must also be considered that the defendants are not shown to be responsible for this.
There may be a vague thought that the parties all being charged as defendants in the foreclosure suit, might justifiably lead the plaintiff to believe that during its pendency, no change in the relations between the defendants would take place. This has no weight in depriving the defendants of their rights, because the plaintiff was bound to know, as matter of law, that even after judgment, he retained the rights of surety.
Judgment reversed and new trial ordered, with costs to abid event.
Freedman, J., concurred.