HERMAN WRONKOW, Appellant, *v.* HOBART OAKLEY et al., In re Petition of CHARLES WOLFF, Respondent.

A married woman under the act of 1878 (Chap. 300, Laws of 1878), authorizing her "to execute, acknowledge and deliver her power of attorney with like force and effect and in the same manner as if she were a single woman," may by such a power appoint her husband her attorney in fact.

A married woman executed a power of attorney to her husband empowering him to sell and convey all lands belonging to her, and to execute in her name "all necessary or proper deeds, conveyances, releases, releases of dower and thirds, and rights of dower," for conveying any "right, title and interest, whether vested or contingent, choate or inchoate. *Held*, that the husband was authorized to sign the name of his wife to a deed conveying real estate owned by him, and so, to release her inchoate right of dower in the land.

Where, pursuant to the Code of Civil Procedure (§ 1256) an entry has been made on the docket of a judgment of "lien suspended on appeal," its effect is to release the lien of the judgment so suspended in regard to all property upon which it would otherwise be a lien, including after-acquired property, until the court orders that it be restored by a re-docket.

(Argued June 6, 1892; decided June 17, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 13, 1892, which reversed an order of Special Term denying a motion of Charles Wolff to be relieved from purchase of premises sold under a judgment of foreclosure and sale in the above-entitled action, and granted such motion.

This was an application by Charles Wolff, a purchaser at a foreclosure sale, to be relieved from his purchase on the ground that the interest of the wife of Moritz Bauer had not been duly conveyed.

It appeared that the sale was made in pursuance of a judgment in an action for the foreclosure of a purchase-money mortgage, executed by Hobart Oakley to the plaintiff, September 2, 1890; that on October 4, 1890, said Oakley conveyed the equity of redemption in the mortgaged premises to

Morris Bauer; that on October 20, 1890, said Bauer executed a deed thereof in his own behalf and in the name of his wife, Cecilia Bauer, as her attorney in fact, to Randolph Guggenheimer. The power of attorney under which said Bauer executed said deed was executed and acknowledged by his wife in 1881, and authorized her husband to act as her attorney in the following terms:

" To contract for the sale of and to grant, bargain, sell and convey all or any lands, tenements or hereditaments or real estate to me belonging, situate, lying and being within the United States of America, whether belonging to me individually or jointly with another or others, at public or private sale, for cash or upon credit, or partly for cash and partly upon credit, and for such price or prices, and upon such other terms and conditions as to my said attorney may seem meet and proper, and for the purpose aforesaid and in my name, place and stead, as my act and deed, to sign, seal, execute and acknowledge and deliver all necessary or proper contracts, deeds, conveyances, releases, releases of dower and thirds and right of dower and thirds, or other instruments for the conveying, surrendering and relinquishing all or any part of my estate, right, title and interest, whether vested or contingent, choate or inchoate therein.

" And I further authorize and empower my said attorney to insert in such deed or deeds the full covenants and warranty usually inserted in full covenant and warranty deeds or conveyances in the city of New York, * * * and generally to do and perform all matters and things, transact all business, make, execute, acknowledge and deliver all contracts, orders, deeds, indentures, writings, assurances and instruments, which may be requisite or proper to effectually carry out all or any of the purposes aforesaid, or any other matter or thing appertaining or belonging to me. It being understood and intended hereby that no power requisite in the premises shall be considered omitted herefrom because the same is generally and not specifically enumerated hereby giving and granting unto my said attorney full power and authority to do and per-

form all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof."

Mrs. Bauer was not made a party defendant.

It was also objected that certain judgment creditors of Moritz Bauer were not made parties defendant. It appeared that their judgments had, with the consent of the judgment creditors and sureties on appeal, been docketed, "lien suspended on appeal."

Further facts are stated in the opinion.

*Henry A. Forster* for appellant. The full covenant and warranty deed conveying the property in question to Guggenheimer, executed by Moritz Bauer and by Cecelia Bauer, his wife, "by Moritz Bauer, her attorney in fact," operated as a release of Mrs. Bauer's inchoate right of dower in the property. (Laws of 1878, chap. 300; *Noel* v. *Kinney*, 106 N. Y. 74; *Blaechinska* v. *Howard Mission*, 42 N. Y. S. R. 389; *Suau* v. *Caffe*, 122 N. Y. 312; Laws of 1887, chap. 537; *Pierce* v. *Pierce*, 71 N. Y. 154, 157; *Spencer* v. *Boardman*, 118 Ill. 554; *Barth* v. *Lines*, Id. 374; *Freeland* v. *Freeland*, 128 Mass. 509; *Smith's Appeal*, 115 Penn. St. 319; *West* v. *Walker*, 77 Wis. 557; *Forwood* v. *Forwood*, 86 Ky. 114, 118; *Strayer* v. *Long*, 86 Va. 557; *Garbut* v. *Bowling*, 81 Mo. 214; *Savage* v. *Crill*, 19 Hun, 4–6; 80 N. Y. 630; *M. Bank* v. *Thomson*, 55 N. Y. 12; *Fowler* v. *Shearer*, 7 Mass. 14.) A married woman may execute a power of attorney to her husband. (*Warner* v. *Warner*, 46 N. Y. 228, 233, 234; *Freiburg* v. *Branigan*, 18 Hun, 344, 345; 82 N. Y. 627; *Wicks* v. *Hatch*, 6 J. & S. 95, 110; 62 N. Y. 535, 539–544; *Nash* v. *Mitchell*, 71 id. 199; *Noel* v. *Kinney*, 106 id. 74; *Foster* v. *Persch*, 68 id. 400; *Adams* v. *Mills*, 60 id. 533; *Bodine* v. *Killen*, 53 id. 93; *Bank of Albion* v. *Burns*, 46 id. 171; *Abbey* v. *Deyo*, 44 id. 343; *Merchant* v. *Bunnell*, 3 Keyes,

.539, 541; *Voorhees* v. *Bonesteel,* 16 Wall. 16, 31; *Knapp* v. *Smith,* 27 N. Y. 277; *Buckley* v. *Wells,* 33 id. 518, 521; ·*Owen* v. *Cawley,* 36 id. 600, 604; *Dawson* v. *Shirley,* 6 Black. 531; *Steele* v. *Lewis,* 1 Mon. 48; *Shanks* v. *Lancaster,* .5 Grat. 111, 118; *Sumner* v. *Conant,* 10 Vt. 9; *Holladay* v. *Dailey,* 19 Wall. 609; *Lewis* v. *Coxe,* 5 Harr. 401–403.) As Bauer's judgment creditors as well as his sureties on appeal ·consented to the entry of orders exempting from the lien of ·the judgments against him all the property he then had, as well :as all after-acquired property, and the judgments were accordingly marked "lien suspended upon appeal," the judgments could not be enforced against the property in question, and it ·was not necessary to make the judgment creditors parties. (*In re N. Y., L. & W. R. R. Co.,* 98 N. Y. 453; *Riggs* v. *Commercial,* 125 id. 7, 10; .*H. K. & S. Bank Co.* v. *Cooper,* 114 .id. 388, 395; *Townsend* v. *Masterson,* 15 id. 588, 589; *Anderson* v. *Reilly,* 66 id. 189, 192; *People* v. *Quigg,* 59 id. 89; *Phyfe* v. *Einer,* 45 id. 102, 104; *Embury* v. *Conner,* 3 id. .511.) The order is appealable. (*Ferry* v. *Sampson,* 112 N. Y. 415; *Shriver* v. *Shriver,* 86 id. 575.) As to the respondent's claim that the power of attorney does not apply to real ·estate acquired subsequent to its execution, the power of attorney is a general power to convey, assign, or release "all or any" inchoate right of dower and all other interests of Mrs. Bauer, in lands within the United States. (*Martin* v. *Farnsworth,* 49 N. Y. 558; Whart. on Agency, § 121; Story on Agency, § 126; *Collen* v. *Gardner,* 21 Beav. 540; *Munn* v. *C. Co.,* 15 Johns. 44; *T. Bank* v. *Astor,* 11 Wend. 87, 90; *Andrews* v. *Kneeland,* 6 Cow. 354, 357; *Anderson* v. *Coonley,* 21 Wend. 279; *Butler* v. *Maples,* ·9 Wall. 776; *Ins. Co.* v. *Wilkinson,* 13 id. 235; *Parker* v. *Baker,* 12 N. Y. S. R. 599; *Wicks* v. *Hatch,* 62 N. Y. .541.)

*Richard S. Sweezy* for respondent. A resident married woman cannot release her inchoate right of dower by attorney. ·(*Lisk* v. *Smith,* 68 Ill. 503; *Hardenburgh* v. *Lakin,* 47 N.

Y. 113; *Lewis* v. *Cox*, 5 Harr. 401; *Dorson* v. *Shirley*, 6 Blackf. 531; *Steele* v. *Lewis*, 1 Mon. 48; *Shanks* v. *Lancaster*, 5 Gratt. 110, 118; *Sumner* v. *Conant*, 10 Vt. 9; *Holladay* v. *Daily*, 19 Wall. 609; *Marvin* v. *Smith*, 46 N. Y. 571; *Hinchliff* v. *Shea*, 102 id. 153; *Witthaus* v. *Schack*, 105 id. 332; *Guidet* v. *Brown*, 3 Abb. [N. C.] 295; Laws of 1878, chap. 300; *Cumming* v. *Williamson*, 1 Sandf. Ch. 177; *Parker* v. *Baker*, 12 N. Y. S. R. 598.) A wife cannot bargain with her husband respecting her inchoate right of dower; she cannot release it to him nor contract with him to release it to another. (*Hendricks* v. *Isaacs*, 117 N. Y. 411; *Craighead* v. *Peterson*, 72 id. 279.) It would seem, therefore, that this order was not valid as against the sureties upon the first appeal and their right of subrogation if compelled to pay the judgment. (*Green* v. *Millbank*, 3 Abb. [N. C.] 138.)

PECKHAM, J. In relation to the questions arising upon this application of the purchaser Wolf, to be relieved from his bid at the judicial sale on the ground that the interest of the wife of Bauer had not been duly conveyed by virtue of her power of attorney to her husband, we are of the opinion that the order of the General Term is erroneous and for the reasons stated in the dissenting opinion of Mr. Justice ANDREWS at the General Term.

The limitation sought to be imposed upon such power of attorney that it only authorized Mrs. Bauer's husband to sign her name to conveyances of lands belonging to her is not, we think, sustained by the language of the instrument. Indeed the learned judge who so held in his opinion at the General Term, in order to arrive at his conclusion, rejects as surplusage the language of the power which authorizes the husband to convey for her and in her name, and as her act and deed to sign, seal, execute, acknowledge and deliver all necessary releases of dower and thirds. He construes the language used in the first part of the power as confining its application to the execution of a conveyance of any and all *lands* belonging to Mrs. Bauer and he says the words "releases of dower" subse-

quently used have no relation to the power actually granted, and hence are surplusage.

We think, however, that the language as to "releases of dower" was used for the  ery purpose of authorizing the husband to do as he has done and that the language of the first part of the power when speaking of lands, etc., belonging to the wife, does not limit and was not intended to limit the operation of the words "releases of dower and thirds" so as to make them of no meaning or importance, but on the contrary it was intended by their use to confer authority on the husband to release her inchoate right of dower in lands belonging to him.    Indeed she continues the statement of her purpose by inserting in the instrument a power to execute other instruments for the conveyance, surrendering and relinquishing all or any part of her estate, right, title and interest, whether vested or contingent, choate or inchoate therein.  The language used in the first part of the power should not be held to operate all through it and limit the otherwise plain meaning of the paper.

We think there is no objection to the title arising out of the power of attorney given by the wife to the husband.   She had the right to execute a power of attorney under the act (Chap. 300 of the Laws of 1878), and in executing such power she could appoint her husband her agent or attorney in fact.

As to the objection that certain creditors by judgment against Bauer were not made parties, nor the sureties on certain appeal bonds, we think a sufficient answer is made by the fact of the entry of the memorandum by virtue of section 1256 of the Code of Civil Procedure, "lien suspended on appeal."   We think the meaning and purpose of the legislature in the enactment of that and the succeeding sections, were to release the lien of the judgment so suspended on appeal in regard to all property upon which it otherwise would become a lien until the court orders that it be restored by a redocket.   The sureties upon the first appeal to the General Term consented to the entry of the order which did not, in terms, provide as to subsequently-acquired property, but if we are right in our con-

struction of the statute, it was not necessary to so state it in the order. The law itself provided for the fact. The sureties upon a further appeal taken to the Court of Appeals consented in terms to the order suspending the lien, including after-acquired property Upon the affirmance of the judgment by the latter court the sureties on the last appeal bond took an assignment of the judgments, and in their hands there was no longer any liability on the part of the sureties on the first appeal. Such sureties became, on the giving of the second undertaking to pay the judgments, sureties for the second sureties, and when the second sureties paid or discharged their obligation to the owner of such judgments and took an assignment of them, they could not enforce them against the first sureties. Under these circumstances there is no reason on this ground for releasing the purchaser from his bid.

The respondent here does not insist upon the objection that these questions were doubtful, and a purchaser ought not to be required to take such a title, but as we understand, if the questions above discussed should be decided in favor of the title, he is willing to take it, although those who are not parties here would not be legally barred by our decision from here-after raising the question. As our decision depends upon the construction of statutes the rule of *stare decisis* would be effectual as an answer to any further claim, and we think the purchaser entirely justified in his waiver.

Our conclusion is that the order of the General Term should be reversed and that of the Special Term affirmed, with costs in all courts.

All concur.

Ordered accordingly.