NATIONAL SURETY COMPANY, Respondent, *v.* TRILBY REALTY CORPORATION, Appellant.

First Department, February 11, 1937.

*Charles F. Bailey* of counsel [*Abram I. Elkus, H. George Carroll* and *Cyrus C. Perry* with him on the brief; *Gleason, McLanahan, Merritt & Ingraham,* attorneys], for the appellant.

*Adam K. Stricker,* attorney for the respondent.

O'MALLEY, J. Plaintiff sues as assignee (also as subrogee, as is claimed) to recover rent for the months of November and December, 1929, and certain taxes, pursuant to the terms of a lease of premises 684–688 Lexington avenue in the borough of Manhattan, city of New York. The lease was between the United Cigar Stores Company of America as lessor, and the defendant as lessee, from February 1, 1927, to April 29, 1947. This lease contained the express provision: " No assignment or transfer shall in any manner whatsoever operate to relieve, release or discharge the tenant or any other person, firm or corporation from any obligation hereunder."

After going into possession and on June 1, 1927, the defendant lessee assigned the lease to Partos Realty Corporation, with the consent of the lessor, United Cigar Stores, but on condition that the defendant should remain liable. The consent of the landlord in writing expressly provided: " And the party of the third part [United Cigar Stores Company of America] hereby consents to the assignment of said lease by the party of the first part [Trilby Realty Corporation] to the party of the second part, [Partos Realty Corporation] and the party of the first part hereby further covenants and agrees to and with the party of the third part that said assignment and transfer of said lease from the party of the first part to the party of the second part shall not in any manner whatsoever operate to relieve, release, or discharge the party of the first part from any obligation thereunder."

About a year after the assignment of the lease by the defendant to Partos, the latter assigned the lease to No. 4 East 61st Street Corporation. But prior to this assignment the landlord's consent was obtained by Partos. The assignment was consented to, but upon a reservation, similar in phraseology to that contained in the assignment by the defendant to Partos, the landlord reserving all its rights against the assignor, Partos. Each of these corporations, Partos and 4 East 61st Street Corporation, in turn, assumed, in the instruments of assignment, the obligations of the leases. The landlord expressly reserved all its rights against Partos when it consented to this assignment.

Pursuant to the provisions of the lease and as security for its performance the defendant gave a bond of the United States Fidelity and Guaranty Company, covering the first two years. The plaintiff issued its bond covering the period during which the default occurred in the payment of rent and taxes and the performance on the part of 4 East 61st Street Corporation. On this bond the 4 East 61st Street Corporation and one Nicholas C. Partos were the principals.

After default in the payment of rent for the months in question and taxes, the plaintiff paid under its bond.

The check by which the payment was made recited that it was in discharge of plaintiff's liability on its bond "and for an assignment of the claim of the United Cigar Stores Company of America against 4 East 61st Street Corp. and Nicholas C. Partos." This check was dated January 10, 1930, and payment through the Clearing House was noted as of January 15, 1930.

Thereafter and on February 27, 1930, the plaintiff procured an assignment from the United Cigar Stores Company of America, for the nominal consideration of one dollar as recited, of " any and all claim or claims " which the United had against the defendant for the rent and taxes in question.

A credit of $4,025 was given defendant in this action representing the amount collected by plaintiff on a judgment theretofore obtained against 4 East 61st Street Corporation and Nicholas C. Partos as principals on the bond given by plaintiff.

While plaintiff's complaint proceeds upon the theory of a claim assigned after plaintiff had discharged the assignor's claim in full, it now strenuously urges that the case was tried upon the theory of subrogation, and predicates its argument for an affirmance largely, if not entirely, upon the latter theory.

When, with the consent of the lessor, the defendant assigned its leasehold, the assignee assuming the obligations thereof, defendant stood with respect to the assignee, Partos Realty Corporation (and subsequently the 4 East 61st Street Corporation) in the position of a surety. (*Crowley* v. *Gormley*, 59 App. Div. 256; *Matter of Barney* v. *Du Vivier*, 86 Misc. 29; 1 Tiffany Real Property [2d ed.], p. 168; 32 A. L. R. pp. 1429 *et seq.;* 16 R. C. L., Landlord and Tenant, § 340; 14 L. R. A. 155; 52 L. R. A. [N. S.] 977, 978.) By the assignment the defendant lost merely privity of the estate with the lessor, but not privity of contract, and remained liable for the rent and all proper payments.

As argued by the respondent itself, a surety who pays the principal's debt becomes subrogated to all the rights and remedies of the creditor. Accordingly had the landlord sued the defendant

for the moneys due under the lease, the latter upon payment thereof would have been subrogated to the landlord's rights against the Partos Realty Corporation and 4 East 61st Street Corporation, as to which the defendant stood in the position of surety. The rights of the lessor would have included the right of holding the plaintiff liable upon its bond given on behalf of the Partos Realty Corporation and 4 East 61st Street Corporation. It would be an anomalous situation, therefore, were plaintiff, ultimately liable upon the claim, to be permitted to recover against this defendant, liable, but in the first instance, to the lessor.

Furthermore as between several sureties respecting the same obligation, the primary liability rests upon the last, in which position plaintiff finds itself. (*Wronkow* v. *Oakley*, 133 N. Y. 505, 510, 511; *Culliford* v. *Walser*, 158 id. 65; *Hinckley* v. *Kreitz*, 58 id. 583, 592.) As under the circumstances the Partos Realty Corporation and 4 East 61st Street Corporation had no claim against the defendant, the plaintiff, by paying their obligation, acquired none through them.

Under the assignment theory the plaintiff also would have no right for at the time it took the assignment the claims of the lessor against this defendant had been satisfied and paid in full.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint upon the merits, with costs.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint upon the merits, with costs.