Marcus G. Christ, J.
These are three motions for summary judgment. The plaintiff Meyn moves for judgment in his action based on a series of promissory notes, of which 42 at $100 each *472 still remain unpaid. The defendant Schutte moves for judgment on a claim over against the third-party defendants Anderson and Koster on a contract of indemnity, and Anderson moves for summary judgment on a counterclaim which he has asserted against Meyn.
The notes were originally given by Schutte to Meyn when he purchased a grocery store from him in 1953. The notes were secured by a chattel mortgage which provided among other things, that in the event the business were to be sold, the entire unpaid balance would become due at the option of the mortgagee (Meyn).
Later in 1953 the business was in fact sold by Schutte to Anderson, the latter indorsing the notes, assuming the mortgage and agreeing to indemnify Schutte and hold him harmless from any and all claims in connection therewith. Meyn joined in this agreement in token of his assent to the sale.
In 1956 the business was again sold, this time by Anderson to Koster. Meyn again acquiesced in the sale and joined in the agreement. At the same time he released Anderson, but reserved his rights against Schutte. Schutte was not a party to this agreement and knew nothing of it.
Thereafter Koster defaulted on the notes and mortgage, the chattels were repossessed and sold by Meyn and a net amount of $190.60 was realized on the sale, in which amount it is conceded, the defendants are entitled to a setoff.
It is Schutte’s contention that after the sale to Anderson he became a surety on the obligation, and that the subsequent release of Anderson by Meyn without his consent, under familiar principles of the law of suretyship, operated to discharge him as a matter of law. (National Mechanics’ Banking Assn. v. Conkling, 90 N. Y. 116.)
Meyn’s response to the effect that Schutte cannot be a surety and Anderson the principal obligor because of their contrary position on the promissory notes, to wit: the former as maker and the latter as indorser, overlooks the controlling effect of the contract of indemnity, which as between the parties was of course competent to change their relationship.
For this same reason we must look elsewhere than in the Negotiable Instruments Law for the effect of the reservation of rights against Schutte. While subdivision 5 of section 201 of that law provides for survival of liability of one secondarily liable, even after release of the primary obligor if rights are reserved against him, since in this case the rights do not flow from a negotiable instrument, the section is inapposite.
*473 However, section 234 of the Debtor and Creditor Law imposes substantially the same result on such a qualified release of one of ‘ ‘ several obligors ’ ’ which term by the definition contained in section 231 covers “ obligors severally bound for the same performance.” (Brill v. Brandt, 176 Misc. 580, affd. 263 App. Div. 811.)
A release with reservations is regarded as a personal covenant not to sue the debtor, but leaves unimpaired the creditor’s rights against the surety and his subrogation rights in turn against the debtor. For this reason the surety is regarded as not having been prejudiced by the release of the debtor, and hence he is not discharged himself.
The situation is similar to an extension of time with a like reservation, which also has been equated to a personal covenant not to sue during the extension. (Morgan v. Smith, 70 N. Y. 537; Calvo v. Davies, 73 N. Y. 211.) In such case the creditor is free to proceed against the surety and when the latter takes action against the principal, he is not allowed to set up the new arrangement with the creditor.
It is also claimed that the failure to declare all the notes due as was Meyn’s right at the time of the 1956 sale, amounted to an extension, but this was at most a waiver and a waiver has been held not to be alteration (see National Citizens’ Bank v. Toplitz, 178 N. Y. 464). Schutte had no vested right to insist that Meyn exercise his volition in some particular way. This would be an unwarranted extension of the rights of a surety.
Therefore I agree that Meyn is entitled to a judgment against Schutte, but not because he did not become a surety, rather because, even though he did become a surety, he was not discharged by the subsequent acts of Meyn.
Schutte is entitled to judgment over against Anderson, fears not against Koster with whom he had no contract.
Anderson’s counterclaim against Meyn is invalid, since it misconstrues a simple release as a contract of indemnity.
The judgment will be granted after due allowance for the set off.
Settle judgment on notice.