Arnold L. Fein, J.
Plaintiff moves for summary judgment in ,an action to recover seven months’ rent under a written lease. Defendant requests summary judgment in its favor, or alternatively, if summary judgment be granted plaintiff, that *393 summary judgment also be granted in defendant’s favor against the third-party defendant Domus, Inc.
On July 13, 1960, plaintiff, landlord, and defendant, Nielsen, tenant, entered into a written lease for the period August 1,1960 to July 31, 1965, with the usual prohibition against assignment without lessor’s consent. However, there was included a provision that tenant might assign to Domus, Inc. (the third-party defendant), if tenant and Domus joined in “ agreeing with the landlord in writing to be bound by all the terms, covenants and conditions of this lease * * * Such assignment shall not in any way release the original tenant * * * such assignee shall not have the right to assign this lease except upon the written consent of the landlord.”
Six months later, on January 16, 1961, defendant Nielsen assigned the lease to the third-party defendant Domus, Inc. by written contract executed by Nielsen, Domus and the landlord. Domus therein assumed “all the liability and responsibility” of the lease and agreed to perform all its “ terms, conditions and covenants * * * as if (it) were the original tenant.” It was further provided that ‘‘ nothing herein contained shall in any way release * * * [tenant, Nielsen] from any liability whatsoever under said lease, and that * * * (Nielsen) is to remain as fully liable thereunder as if this assignment had not been made.” There was also a covenant against further assignment.
Two years later, on February 14, 1963, by an instrument in writing in exactly the same form, executed by the landlord, Domus and Poly Repro International, Ltd. (Poly Repro), Domus assigned the lease to Poly Repro, which assumed the lease, all with the consent of the landlord. Nielsen was not a party to that agreement, nor, so far as appears, was he aware of it.
Poly Repro was dispossessed for nonpayment of rent for the month of January, 1965. Thereafter, in an action against Domus, plaintiff obtained a judgment against Domus for rent from January 1, 1965 to July 31, 1965 in the sum of $4,235.70 including interest and costs. Plaintiff settled that judgment in July, 1966 for $1,130 and, delivered its written release to Domus. The release provided in pertinent part that it was given “ by virtue of said Domus, Inc.’s liability under a certain written lease dated July 13, 1960 of office premises at No. 500 Fifth Avenue, New York City, saving and reserving its (plaintiff’s) rights against any other party to said lease ”. The satisfaction of judgment filed in that action, provided “ said judgment has been settled saving and reserving plaintiff’s rights against any other party to a certain lease.”
*394 Nielsen contends that plaintiff’s settlement with Domus, Nielsen’s assignee, discharged him from all obligation to plaintiff under the lease, and that accordingly plaintiff’s motion for summary judgment should be denied, and summary judgment granted in his favor. He also argues that there is a triable issue as to his liability on the lease, because (1) he signed it as an agent for a disclosed principal, Domus, Inc., as an accommodation to that corporation; (2) landlord knew Domus was the true tenant; and (3) Domus, not he, paid the rent. As alternative relief, Nielsen requests summary judgment against Domus in the event plaintiff is granted summary judgment against him. Domus joins Nielsen’s application for summary judgment in his favor against plaintiff and opposes summary judgment against itself.
There are no triable issues. Nielsen signed the lease in his own name as tenant. The lease is in his name. It provided it could be assigned to Domus only with landlord’s consent in writing, preserving Nielsen’s liability. The assignment and assumption agreement executed by landlord, Nielsen and Domus, six months later, expressly preserved Nielsen’s continuing liability. An agent may pledge his own credit even for a disclosed principal. There is no ambiguity in the lease or the assignment. There is no claim of a fraud or misrepresentation nor any basis for such claim asserted. Parol evidence would not be admissible to vary the terms of these instruments. (Gordon Malting Co. v. Bartels Brewing Co., 206 N. Y. 528, 537; Meyer v. Redmond, 205 N. Y. 478.) The issue sought to be raised is not genuine, but sham and feigned, insufficient to defeat summary judgment.
There remains only the legal issue whether the release to Domus discharged Nielsen despite the reservation in the release and satisfaction. Although there appear to be no New York decisions directly in -point, the line of authority in analogous situations demonstrates that the reservation was effective to preserve landlord’s rights against Nielsen. It has been so held where the reservation was only contained in a release given after judgment but not in the satisfaction. (Brill v. Brandt, 176 Misc. 580, affd. 263 App. Div. 811, affd. 289 N. Y. 581.) There an indorser, who paid the holder, was permitted to recover against a prior indorser and the maker who had previously made partial payments to the holder in return for a release reciting a reservation “ against all other persons liable on the note.” The court held that for purposes of section 234 of the Debtor and Creditor Law (now General Obligations Law, § 15-104), all parties to a note are the “ several obligors ” *395 covered by the statute, and that a release to one with a reservation of rights against the others does not discharge the others.
Section 15-101 of the General Obligations Law provides that “ several obligors ” means “ obligors severally bound for the same performance ”. Section 15-104 provides that the “ release or discharge of one or more of several obligors * * * shall not discharge co-obligors, against whom the obligee in writing and as part of the same transaction as the release or discharge, expressly reserves his rights ”. It is immaterial whether the co-obligors are principals or sureties. (Standard Brands v. Straile, 23 A D 2d 363; Meyn v. Schutte, 20 Misc 2d 471; Brill v. Brandt, supra.) The intentions of the principal in obtaining the release are equally immaterial. The reservation permits the creditor to proceed against the surety who will then have ‘ ‘ recourse against the principal debtor for reimbursement. ’ ’ (Bank of United States v. Moskowitz, 150 Misc. 629; Meyn v. Schutte, supra; see Morgan v. Smith, 70 N. Y. 537; Calvo v. Davies, 73 N. Y. 211).
The reliance of defendant Nielsen and the third-party defendant Domus on the Ohio case of Gholson v. Savin (137 Ohio St. 551) is misplaced. There a release to a defaulting assignee, delivered upon a settlement with him after judgment, was held also to discharge the original tenant (assignor) despite a reservation in the release purporting to preserve landlord’s rights against the original tenant. Although the case is very close to ours, it is not controlling. As both the majority (citing Spies v. National City Bank, 68 App. Div. 70, affd. 174 N. Y. 222) and the dissenting minority (citing Bank of United States v. Moskowitz, supra) noted, the law of New York is to the contrary. The rationale of the Ohio minority is in accord with the New York decisions. Moreover the Ohio statute, there under discussion and held not applicable, is substantially different than section 15-104 of the General Obligations Law.
Contrary to the Ohio majority, the character of the debtors as principals or sureties is immaterial in determining whether the reservation in the release is effective to avoid a discharge under the New York statute. The character of the debtor may affect the amount of his liability to the creditor and to his co-obligors and his rights against the latter. If the debtors are principals their liability to the creditor is for the whole debt and their rights against each other are to pro tanto contribution. If the debtors are sureties, their obligation to the creditor is for the whole debt, unless otherwise limited, and their rights as against each other are to pro tanto contribution. '(Newburger v. Lubell, 266 N. Y. 4; Hood v. Hayward, 124 N. Y. 1.) *396 As against principal debtors for whom they are sureties they are entitled to indemnification or reimbursement, called by the Ohio court, exoneration. This pattern is reflected in the New York statute. (General Obligations Law, art. 15, §§ 15-101 through 15-107.) The Ohio court concluded that because the tenant assignor would be entitled to reimbursement from his assignee who had been released, he was discharged because the release discharged the obligation. No New York case so holds.
It is not necessary to determine whether Nielsen became a surety upon his assignment of the lease, as argued by him, or whether he remained a principal because of the language of the lease and the assignment contract, as argued by plaintiff. Assignment of a.lease by a lessee, with landlord’s consent and with an assumption by the assignee, makes the assignor a surety. (National Sur. Co. v. Trilby Realty Corp., 249 App. Div. 566; Crowley v. Gormley, 59 App. Div. 256.) On this basis, Domus was also a surety since the obligation for rent accrued after Domus had assigned. If Nielsen and Domus were cosureties their respective liabilities would be for one half the obligation. (Newburger v. Lubell, supra; Hood v. Hayward, supra.) However, they did not become simultaneous sureties. Where the obligation as a surety arises upon successive assignments, by contract or by operation of law, the primary liability is on the last surety. (National Sur. Co. v. Trilby Realty Corp., supra-, Wronkow v. Oakley, 133 N. Y. 505; Culliford v. Walser, 158 N. Y. 65; Hinckley v. Kreitz, 58 N. Y. 583.) Moreover, the contract of assignment, by its terms, obligated Domus to Nielsen to perform the obligations of the lease, quite independent of its obligation to the landlord. This is a sufficient answer to the argument that there was a fraud on Domus, if the release does not bar this action. (See Meyn v. Schutte, supra-, Bank of United States v. Moskowitz, supra.) Nielsen could have recovered against Domus for such breach, even if he had not paid the rent to the landlord. (Rector v. Higgins, 48 N. Y. 532; Beier v. Snitzer, 167 N. Y. S. 303.) Keybro Enterprises v. Four Seasons Caterers (25 A D 2d 307), relied on by Nielsen, is not to the contrary. As there stated the promissory notes were discharged by surrender to their maker upon payment. The instrument having been discharged, no liability could flow from it thereafter. This has nothing to do with a release containing a reservation respecting an obligation on a lease or contract.
Accordingly summary judgment is granted in favor of plaintiff against defendant Nielsen and in favor of Nielsen against the third-party defendant Domus, Inc., and the action is severed *397 as to the third-party defendant Dux, Inc. and shall continue under the title Knud Nielsen, plaintiff vs. Dux, Inc., defendant.
The Clerk is directed to enter judgment in. accordance with the foregoing for the amount demanded in the complaint, with interest, in favor of plaintiff against defendant Nielsen and in the same amount in favor of defendant Nielsen against the third-party defendant, Domus, Inc.