CHEEVER
v.
SMITH.

CHEEVER *against* SMITH, PARDEE AND OTHERS.

If a man deals with another's agent, and gives the agent a receipt for a sum of money, which the agent had a right to pay, and on the faith of that receipt the principal settles with the agent, and pays him money, the party giving the receipt is concluded from looking to the principal, for he should have given him notice of the mistake in the first instance; and his only remedy is against the agent.

THIS was an action of debt on a bond for the performance of the covenants contained in articles of agreement; and the only question in dispute was, whether the defendants were to be charged with the sum of 5,000 dollars, mentioned in the receipt of the 29th of *October*, 1814, given by the defendants, *Smith* and *Pardee*, to *Nathaniel Allen*, the agent of the plaintiff.

*Smith* and *Pardee*, two of the defendants, the others being their sureties, contracted with *Cheever*, to supply the forces on the northern frontier, during the late war, with beef. Funds were placed by the plaintiff in the hands of *N. Allen*, to be advanced to *Smith* and *Pardee*, as occasion should require. *Allen*, and *Smith* and *Pardee*, settled their accounts every month, when receipts in full were given, and the balance carried to the next month's account. In *November*, 1814, *Smith* stated to *Allen* and his clerk, that he had been charged with 5,000 dollars, in the *October* preceding, more than he had received. They denied that any mistake had been made. *Smith* continued to sign receipts in full on every monthly settlement, but still urged the adjustment of the alleged mistake. The plaintiffs and *Allen* settled their accounts on the 11th of *July*, 1815, when there appeared to be due to *Allen* a balance of 4156 dollars and 6 cents, allowing him the 5,000 dollars in dispute. This balance the plaintiff paid to *Allen*. The plaintiff had not been on the northern frontier between the time of the alleged mistake and his settlement with *Allen*.

The above facts having been admitted, or proved on the trial, the defendants then offered to prove that they were charged by *Allen* on the 29th of *October*, 1814, with the sum of 10,000 dollars, when he had, in fact, paid them but 5,000 dollars. The testimony was objected to on the part of the plaintiff, on the ground that no notice of the alleged mistake had been given to the plaintiff previously to his settlement with *Allen*, and it was rejected by Mr. J. *Van Ness*, before whom the cause was tried.

A verdict having been found for the plaintiff, the defend-

ants now moved for a new trial.

*Wells* and *Brinckerhoff*, for the plaintiff.

*P. W. Radcliff*, for the defendants.

*Per Curiam.* We are of opinion that evidence of a mis-
take in the accounts of *Smith* and *Pardee* with *Allen* was
properly rejected. The alleged mistake took place in Oc-
*tober*, 1814, and in *July*, 1815, the plaintiff settled with
*Allen*, when there appeared to be due to the latter 4156
dollars and 6 cents, allowing him the 5,000 dollars, in respect
of which the mistake is alleged to have been committed.
On that settlement the sum of 4,156 dollars and 6 cents,
which appeared to be due to *Allen*, was paid to him.

Now, had the defendants given notice of that mistake to
the plaintiff, he would have made the settlement on very
different principles ; at all events, he would not have paid
*Allen*, until the fact, whether there had been a mistake or
not, was ascertained. If a man deals with another's agent,
and gives the agent a receipt for a sum of money which he
had a right to pay, and on the faith of that receipt the prin-
cipal settles with his agent, and pays him money, the party
giving the receipt cannot lie by, until after the settlement
between the principal and the agent, and then charge the
principal with the payment of the same sum again. Good
faith requires that the mistake should be communicated to
the principal as soon as it is known ; and, indeed, if a loss is
to be borne, it must fall on him who occasioned it. In the
present instance, it is not stated that *Allen* is irresponsible.
That fact makes no difference, for he is answerable to the
defendants as for money had and received, if it can be shown
that he has been allowed 10,000 dollars, as paid to the de-
fendants, when only 5,000 dollars were received by them.
The case of *Wyatt* v. *The Marquis of Hertford*, (3 *East's
Rep.* 147.) supports the principle of this decision.

Motion for a new trial denied.