### RATHBONE & BANKS *vs.* TUCKER & CARTER.

The taking of the *note of an agent* at an *extended credit,* for goods furnished for the benefit of the *principal*, does not discharge the principal, unless it is affirmatively shown, on his part, that on the supposition that the debt was paid, or the personal responsibility of the agent accepted for it, he dealt differently with the agent than he would have done had the note not been taken and the extended credit given.

ERROR from the superior court of the city of New-York. Tucker and Carter being ship chandlers, in *May*, 1831, furnished rigging and other articles, to the amount of $3132,03, for a ship then building for Rathbone and Banks.   The goods were charged to *ship Nashville and owners*, and were furnished at a credit of *six months* from the average date of the bill. The contract was made with the plaintiffs by an agent of the defendants of the name of *Price*.   The defendants had a *disbursing agent* of the name of *Servoss*, whom they furnished with *ample funds* to defray the whole cost of the ship and rigging, &c.   The last advance to him was made on the 23d *November*, 1831.   On the 4th February, 1832, the plaintiffs took the note of *Servoss* for the amount of their bill, dated 18th September, 1831, (the average date of the items of the bill,) payable *nine months* after date.   The plaintiffs knew that *Servoss* was the agent of the defendants, but there was no proof that they knew when they took his note that he was in funds.   The note was taken in the usual course of business between ship chandlers and the agents of lines of packets, the ship in question being intended to belong to such a line.   The

credit was extended from *six* to *nine months*, at the request of
Servoss, and upon his allegation that it would be an *accommo-
dation to the owners*. Servoss *failed* on the 1st May, 1832, and
it was proved that he was in good credit on the 24th March,
1832, when the *six months credit* would have expired. When
the note fell due, it was not paid. The judge who presided
at the trial in the superior court, charged the jury that the
taking of the note of Servoss, at the extended credit, would
not discharge the defendants without an agreement, express
or implied, that the responsibility of Servoss should be substi-
tuted for that of the defendants, or proof that the defendants
had sustained some injury in consequence of the taking of the
note ; that in his opinion there was not any evidence of such
agreement, or that in consequence of the taking of the note
and the extension of credit, the defendants had been induced
to deal differently with Servoss from what they would other-
wise have done ; and if the jury concurred with him in his
views of the testimony, the plaintiffs would be entitled to
their verdict. He further instructed them to inquire whether
the plaintiffs *knew*, when they took the note of Servoss, that
he had funds in his hands belonging to the defendants, and if
they should find for the plaintiffs on the other facts of the
case, he requested them to find specially as to such knowl-
edge. The jury returned a verdict for the plaintiffs for the
amount claimed, and found that the plaintiffs had not notice
that any funds of the defendants were in the hands of Ser-
voss. Judgment was rendered for the plaintiffs, and the de-
fendants sued out a writ of error.

*J. Anthon*, for plaintiffs in error.

*G. Griffin*, for defendants in error.

*By the Court*, NELSON, J. I am of opinion that it is impos-
sible to distinguish this case, on principle, from the class of
cases which hold, that taking a note of the agent does not
discharge the principal, without actual payment at maturity,
unless the principal shows affirmatively that he has in some
way sustained an injury by the creditor thus dealing with the

UTICA,
July, 1836.

Rathbone
v.
Tucker.

UTICA,
July, 1836.

Rathbone
v.
Tucker.

agent. *Wyatt* v. *Marquis of Hertford*, 3 *East*, 147. 15 *Johns. R.* 276. 1 *Cowen* 306. 1 *Campb.* 312. 7 *Johns. R.* 311.

It clearly appears, from the evidence, that the plaintiffs, by taking the note of the agent, did not intend to look exclusively to his responsibility, nor did they originally part with the goods upon his credit. They were charged on book to the *ship Nashville and owners*, and it appears to have been the course of business to liquidate accounts of this kind in the manner done in this case. The only ground, then, upon which the defendants can claim exemption from payment is, that they have been damnified by the three months extension of credit. This was honestly given, under a representation of the agent that it would be an accommodation to the owners; which supposed favor certainly ought not to operate to the prejudice of the plaintiffs, unless by force of the application of strict principles of law. The defence cannot rest upon any bad faith or intentional wrong on the part of the plaintiffs, but must rest, if sustained at all, upon a wrong brought about by the imposition of the agent. The plaintiffs had no knowledge that he was in funds; on the contrary, they believed he had none. I have before observed, that the defendants must show affirmatively the injury they have sustained by reason of the taking of their agent's note, and giving the three months extension of credit. It is not pretended that they had, in the meantime, dealt with him in any manner different from what they would have done if the note had not been given. Indeed, it does not appear that they knew such a note was in existence. They were not induced to trust further funds in his hands, as in the case of *Reed* v. *White, and others*, 5 *Esp. N. P. R.* 122, upon the supposition that the plaintiffs' bill was paid; for it does not appear that any of their funds came into his hands after the note was given.

But it is said, if the plaintiffs had required prompt payment at the end of the six months, the bill would have been paid. This, however, is but a mere inference or conjecture from the fact that the agent was then in credit, or rather had not then failed. He might or might not have paid it. He failed in less than a month and a half after that time; and the inference is about as reasonable, if the $3132,03 had been exact-

ed at the end of the six months, that he would have then failed as that he would have paid it. This ground of defence existed in the case of *Wyatt* v. *The Marquis of Hertford.* There the steward was in funds when he gave his own draft on a banker, and when payment of that was refused, the plaintiff accepted another draft, payable twenty-one days after date, payment of which was also refused ; and then the steward became insolvent. Still the principle was not considered prejudiced, in judgment of law, by his steward having given his own security. Suppose in this case no note had been taken of the agent, and when called upon at the end of the six months, the plaintiffs had delayed enforcing payment, at the request of the agent, for the accommodation of his principals, or upon asking for delay, representing that he was not in funds: could it be pretended such indulgence would have exonerated the defendants ? This, I presume, is of common occurrence, and yet it in no respect differs from the present case in principle. The ground of the defence in all this class of cases is not the indulgence given to the principal through the agent, but in taking the security of the latter and giving a discharge, whereby the former has been led to believe the debt to be paid, or that the sole responsibility of the agent has been accepted for it, and the principal has dealt with him accordingly. In the case of *Muldon* v. *Whitlock,* 1 *Cowen,* 290, the goods were sold at a credit of *four months,* and though a note was taken of the agents, the ship's husbands, at *eight months* credit, still the owners were held liable.

It was contended, on the argument by the counsel for the plaintiffs in error, that the fact of *Servoss* being only a *disbursing agent,* distinguished this case from those above referred to. I do not perceive why this should affect the question. The defendants confessedly were originally the debtors, and must show that they have been discharged. To effect this upon principle as well as authority, it is necessary for them to prove that they have sustained an injury in consequence of the plaintiffs taking the security of their agent, and giving time beyond the original contract. In this point of view, whether the agent is a *general* or *special* agent cannot alter the nature

UTICA,
July, 1836.

Rathbone
v.
Tucker.

or ground of the defence.  If the injury is established in ei-
ther case, the defendants are discharged ; if not, they should,
in equity and good conscience, pay the debt.

Judgment affirmed.