### DONALDSON *v.* NEIDLINGER.

*(City Court of New York, General Term.* November 30, 1888.)

1. LANDLORD AND TENANT—RENT—ACTION AGAINST SURETY.
   The fact that the landlord has not tried to collect from the tenant the rent due is not a defense in an action against the surety of the tenant.

**2. SAME—CONSIDERATION OF LEASE—GUARANTY.**
In the absence of anything to the contrary, it will be presumed that the landlord agreed to let the premises in consideration of the promise of the tenant's surety, and it is immaterial that the instrument by which the surety is bound is dated two days before the lease.

Appeal from trial term.

Action by Helen S. Donaldson against William Neidlinger for the recovery of one month's rent, guarantied by defendant. Plaintiff appeals from judgment entered upon dismissal of the complaint on the trial.

Argued before McADAM, C. J., and BROWNE and EHRLICH, JJ.

*Barlow & Carman,* for appellant. *Rollin Tracey,* for respondent.

BROWNE, J   Action to recover one month's rent against surety upon a lease. It was admitted upon the trial that the tenant was in occupation of the premises in February, 1887, the month for which rent is claimed; that the rent was not paid by the tenant, and was demanded from the defendant before action brought. He refused to pay. The guaranty bears date two days prior to the date of the lease, and expresses to be in consideration of the letting described in the lease. When the plaintiff rested the defendant moved to dismiss the complaint upon two grounds: (1) That there was no endeavor on the part of the plaintiff to collect the rent from the tenant; (2) that the guaranty created no liability against him, because the guaranty was executed two days before the lease. The learned justice granted the motion upon the ground that the surety cannot be made liable until default be made.

The grounds stated by the judge involve both propositions of the defendant's counsel, neither of which are tenable. Where nothing to the contrary is shown, it is presumed that the landlord agreed to let the premises in consideration of the promise of the surety. The date of the instrument is not material if the lease was granted upon the faith and credit of the guaranty. There was nothing to the contrary shown in this case. See *Speyers* v. *Lambert,* 1 Sweeny, 335; *Gottsberger* v. *Radway,* 2 Hilt. 342. A default in payment occurred when the day passed upon which the rent should have been paid, in accordance with the terms of the lease, and the tenant failed to pay. It was the tenant's duty to seek the landlord, and pay the rent. *Mann* v. *Eckford,* 15 Wend. 501. A right of action accrued immediately in favor of the landlord against the surety. Neither proof of demand nor notice of the tenant's default to the surety was necessary to maintain it. *Cordier* v. *Thompson,* 8 Daly, 172. To dismiss the complaint was error. The judgment will be reversed, a new trial ordered, with costs to abide the event.

McADAM, C. J., and EHRLICH, J., concur.