(21 Misc. Rep. 494.)
## ENGLISH v. RAUCHFUSS.

(Supreme Court, Appellate Term.   October 28, 1897.)

1. RELEASE OF DEBT TO AGENT—EFFECT ON PRINCIPAL.
    The plaintiff, a creditor, settled with the agent of defendant, his debtor, taking the agent's notes for the amount due. As between these parties, the payment was intended as conditional only, but plaintiff gave the agent a receipt, absolute in form, which enabled the agent to settle with defendant, his principal, as if the debt had been actually discharged. Held, that thereby the debt of defendant to plaintiff was absolutely discharged.

2. AUTHORITY OF AGENT.
    An agent empowered to pay a debt of his principal has no implied authority to pay it with his own promissory notes, or to bind the principal by an agreement that they shall be paid at maturity.

3. SAME—KNOWLEDGE OF PRINCIPAL.
    A defendant is not chargeable with knowledge of any agreement made by his agent wholly in furtherance of a fraudulent scheme against the defendant.

Appeal from Thirteenth judicial district court.

Action by Melvin L. English against George Rauchfuss.   From a judgment rendered by a justice of the peace, defendant appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George A. McDermott, for appellant.

Charles B. Mason, for respondent.

BISCHOFF, J.   The action was for work, labor, and services performed by the plaintiff in and about the defendant's apartment houses at the request of one Wendehack, the defendant's agent, and the defense was payment, based upon evidence that the plaintiff had received the agent's notes to the amount of the claim, and had given a receipt as follows:  "Received payment.   [Signed]   M. L. English," —indorsed upon a statement of account rendered by the plaintiff to the defendant.   It appeared upon the trial that upon the production of this receipt by the agent the defendant settled with him, and the question in the case was whether or not the plaintiff had actually accepted the individual responsibility of the agent, or, if not, whether he had so acted in the matter that the principal was justified in believing himself discharged at the time when he made settlement with the agent for the assumed payment of the claim.   As to the contention that the plaintiff had actually accepted Wendehack's personal responsibility, we think that the finding to the contrary was sufficiently supported by the evidence, but it seems clear that the second ground of defense was well taken.   The rule which applied to this case is stated in Story on Agency (section 433) to be as follows:

"If a creditor of the principal settles with the agent, and takes a note or other security from the latter for the amount due by the principal, although, as be-

tween the parties, it is intended only as a conditional payment, yet, if the creditor gives a receipt, as if the money were actually received, or the security were an absolute payment, so that the agent is thereby enabled to settle, and does settle, with the principal, as if the debt had been actually discharged, and the principal would be otherwise discharged, the debt will be deemed, as to the latter, absolutely discharged."

The proposition, as thus framed, is fully supported by authority. Rowan v. Buttman, 1 Daly, 412; Muldon v. Whitlock, 1 Cow. 290; Rathbone v. Tucker, 15 Wend. 498; Cheever v. Smith, 15 Johns. 276; Laing v. Butler, 37 Hun, 144; Wyatt v. Marquis of Hertford, 3 East, 147. Here the defendant's settlement with the agent was based upon a written acknowledgment of receipt of the amount due, absolute in form; and the fact that the plaintiff had agreed with the agent that the payment, thus acknowledged, should be conditional only, cannot, under the rule stated, operate to affect the defendant's right that the debt stand discharged. It was shown that when Wendehack tendered the notes—his personal obligations—he had stated that they were offered in behalf of the defendant, who would see that they were paid at maturity; and it is contended that this agreement, as made by the agent, acting ostensibly in behalf of the defendant, was binding upon the latter, to whom the agent's knowledge, as obtained in the course of the agency, was imputable. The infirmity of this position lies in the fact that the method of payment adopted by the agent and acquiesced in by the plaintiff, in this instance, was not, by any proper implication, within his delegated powers; and the principal, accordingly, was not chargeable with knowledge of the agent's statements made at the time, in the absence of any express authorization in the matter. To justify a party's reliance upon some implied authority of an agent to do any particular act, assumedly in behalf of his principal, the act must be practically indispensable to the execution of the duties delegated (Bickford v. Menier, 107 N. Y. 490, 14 N. E. 438), and certainly the tender by the agent of his own notes, unindorsed by the principal, was in no aspect a necessary or a reasonable form of payment, if intended as a payment for the account of any person other than the agent himself. That such an act is not within the agent's implied powers, when empowered to make payment, without more, must follow, from the rule above stated, as a corollary, since otherwise the agreement between the creditor and the agent that the payment should be but conditional would be, necessarily, the principal's agreement, and the absolute receipt, as explained by parol evidence, would be of no effect. If it be said that this agent induced the giving of the receipt by the plaintiff through the practice of a fraud against both his principal and the plaintiff, still the defendant is not chargeable with knowledge of any agreement made by the agent wholly in furtherance of the fraudulent scheme, for the success of which he must needs fail to impart his knowledge to the principal as a matter of fact. Henry v. Allen, 151 N. Y. 1, 45 N. E. 355. The case is brought clearly within the rule discussed, and the judgment for the plaintiff is therefore without support in law.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.