(25 Misc. Rep. 711.)

McKEON v. WENDELKEN.

(Supreme Court, Appellate Term.  January 23, 1899.)

1. LEASES—TAXES AND WATER RENTS—LIABILITY OF ASSIGNEE.

An assignee of a lease, by reason of the privity of estate between him and the landlord, is liable for such water rents and taxes as become payable under the lease while the assignee is in possession.

2. SAME.

The principle making an assignee of a lease, transferring his interest between rent days, liable for a proportionate part of the rent for such period, does not make him liable for a proportionate amount of taxes and water rents, which do not become payable until after he has transferred his interest and surrendered possession.

3. SAME—PARTIES.

A lessee, reimbursing the landlord for payments made by him for water rents that became due while an assignee of the lessee was in possession, succeeds to the rights of the landlord, and hence may sue the assignee for such payments.

4. SAME—INTEREST.

A lessee, who reimbursed the landlord for payments made by him for water rents while an assignee of the lease was in possession, may recover interest from the assignee from the time of such reimbursement.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Patrick F. McKeon against Gevert Wendelken.  Judgment for plaintiff, and defendant appeals.  Modified.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

James C. De La Mare, for appellant.

H. H. Glass, for respondent.

BEEKMAN, P. J.  The plaintiff in this case was the lessee under a certain lease which contained a covenant on his part to pay the Croton water tax and also the annual taxes that should be assessed upon the demised premises.  On the 23d day of August, 1892, he assigned the lease to the defendant, subject to the covenants and conditions thereof, but without any assumption of the same on the part of the latter.  The defendant remained in possession until June 30, 1893, when the lease was in turn assigned by him to another.  On the 1st day of May, 1893, there became due and payable, on account of a Croton water rent assessed upon said premises, the sum of $84.50, and on the 29th day of August, 1893, the annual taxes assessed upon said premises for that year, amounting to the sum of $364, were duly confirmed.  These charges remained unpaid until the 24th day of February, 1896, when they were discharged by the owner, who was reimbursed by the plaintiff, and the latter now sues to recover from the defendant one-half of the taxes and two-twelfths of the Croton water rent.  The trial justice awarded judgment in favor of the plaintiff for the proportion of the Croton water rent sued for, but refused to recognize the plaintiff's right to recover any part of the taxes.

We think that the judgment was right, and should be affirmed, with a modification which will be referred to hereafter.  Upon the assignment of the lease by the plaintiff to the defendant, the latter became liable to the landlord for all rent, Croton water rent, and taxes which

might thereafter become due and payable, under the terms of the lease, while the assignee continued in possession of the property under the assignment; his liability being supported by the privity of estate existing between himself and the lessor during that period. He could not be made liable for any rent or other sums of money which might have become due and payable before the assignment, or which might have become due and payable after his ownership of the term and his possession of the property had ceased; for in neither case was there any privity of estate between him and the landlord at the time that the rent or other claim under the lease became due and payable. In other words, the assignee is only liable for a breach of covenant which occurs while he is the owner of the term. We can perceive no distinction in this regard between rent and taxes, the liability of the assignee with respect to both resting upon precisely the same principle.

The plaintiff claims that, where the assignee has transferred his interest between rent days, he is liable for a proportionate part of the rent for such period; and he claims the application of the same alleged principle to the case of taxes and Croton water rents. The claim, however, is without any support in reason or authority. As we have already said, the only duty which rests upon the assignee is to comply with the covenants of the lease when, during the period of his ownership, the claim arising under them has matured. In the case at bar there was no breach of the covenant to pay taxes while the defendant was assignee of the term. The taxes were not payable until they had been confirmed, and they were not confirmed until after the defendant had assigned his interest in the lease to another. As the duty to discharge the taxes did not arise until after the second assignment, there was no breach of the covenant while the defendant was assignee, and there was, therefore, no liability on his part to the landlord to pay them in whole or in part. The plaintiff, therefore, has no right of action against the defendant with respect to the same.

So far as the Croton water tax is concerned, however, the case is different. The tax there became due and payable on the 1st day of May, 1893, while the defendant was in possession of the demised premises under his assignment. On that date it was his duty to pay the same, and his failure to do so gave to the landlord a right of action for its recovery. As, however, the landlord collected the amount from the plaintiff, who was also liable for the same under his covenant, the latter succeeded to the landlord's right, and became entitled to enforce the claim against the defendant. The plaintiff fortified his right to maintain this action by obtaining from the landlord an assignment of his claim against the defendant. We think, however, that this was unnecessary. Wood, Landl. & Ten. (2d Ed.) §§ 347, 348. In the work cited it is stated (section 347) that:

"The effect of an assignment is to make the lessee a surety to the lessor for the assignor, who, as between himself and the lessor, is the principal, bound, while he is assignee, to pay the rent and perform the covenants."

It is further stated (section 348) that:

"If the lessee, in his capacity of a surety, as between himself and the assignee, for the payment of rent and performance of covenants, has paid the rent or discharged the obligation, he has his remedy over against the

principal. * * * The assignee is liable for a breach of any covenant running with the land, incurred in his own time, though the action is not commenced until after he has assigned the premises. A lessee, who has paid the rent to the landlord, may recover the same of his assignee, but not otherwise."

The cases cited in the text abundantly support it.

If the plaintiff had not limited his claim to one-sixth of the amount of the Croton water rent so paid, he would have been entitled to judgment for the whole; but, having done so, the amount of his recovery cannot be increased. He is entitled, however, to interest thereon from the date of the payment made by him to the landlord down to the time of the trial, amounting to the sum of $2.63. The judgment should, therefore, be modified by adding this sum thereto, thus increasing it to the sum of $31.56.

As thus modified, the judgment is affirmed, but, under the circumstances of the case, without costs. All concur.