(59 App. Div. 256.)

## CROWLEY v. GORMLEY.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

LANDLORD AND TENANT—SUBLESSEE—PAYMENT OF RENT.

    In an action by a lessee to recover rent from his sublessee, the fact that the sublessee tendered the rent for a part of the time to the landlord, who refused it, is no defense, since the lessee is liable to the landlord as surety for the rent, and may pay it before it is due, and have a cause of action against the sublessee when it is due.

Appeal from municipal court, borough of Brooklyn.

Action by Dennis Crowley against Patrick J. Gormley. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

J. Grattan MacMahon, for appellant.

John B. Shanahan, for respondent.

JENKS, J. This is an appeal by the defendant from a judgment of the municipal court for the plaintiff, the assignee of O'Reilly. Hunt, by lease under seal, let certain premises to O'Reilly, who never took possession, but let defendant into possession by what O'Reilly claimed was a lease from month to month. In August, 1899, O'Reilly sought to dispossess the defendant as a hold-over, but defendant had judgment. Subsequently O'Reilly proceeded to dispossess the defendant for nonpayment of rent, but the defendant had judgment that he was the equitable assignee of the lease. While these proceedings were being tried, and while defendant was in possession, O'Reilly paid to the landlord the rent of the premises for August, September, October, and November, 1899. O'Reilly's assignee has recovered this judgment for the amount thus paid. The sole contention of the appellant is that O'Reilly was a volunteer, and that, therefore, this action did not lie. If O'Reilly was lawfully answerable to the landlord for the claim paid by him, then he was not a volunteer. Koehler v. Hughes, 148 N. Y. 507, 511, 42 N. E. 1051, citing Sanford v. McLean, 3 Paige, 117, 122. Whether O'Reilly was answerable or not depends upon—First, whether the defendant was liable to the landlord; second, whether O'Reilly was liable to the landlord; and, third, whether he was justified, under the circumstances, in making the payments which are at the basis of this action. First. The defendant in possession as assignee of the term was liable to the landlord. McAdam, Landl. & Ten. (3d Ed.) § 242; Sayles v. Kerr, 4 App. Div. 150, 38 N. Y. Supp. 880, citing Frank v. Railroad Co., 122 N. Y. 197, 25 N. E. 332; Dolph v. White, 12 N. Y. 296, 300. Second. O'Reilly, being lessee, was liable for the rent to the landlord. McAdam, Landl. & Ten. (3d Ed.) §§ 238, 242; McKeon v. Wendelken, 25 Misc. Rep. 711, 714, 55 N. Y. Supp. 626, and authorities cited. And Judge McAdam lays down the rule that the lessor may pursue his remedy against both the lessee and assignee at the same time, though he can, of course, have but one satisfaction. Section 239. Third. I think that on the evidence O'Reilly was justified in making his payments under the circumstances. It was the tenant's duty to seek out the landlord, and to pay to him his rent, and, if he failed so to do, then a default occurred; a right of action in the landlord accrued immediately as against O'Reilly as surety, and it was not necessary for the landlord to prove, as against the surety, a demand upon the assignee of the lease, or notice of default by such assignee. Brandt, Sur. § 201; Cass v. Shewman, 61 Hun, 472, 16 N. Y. Supp. 236; Turnure v. Hohenthal, 4 Jones & S. 79; Donaldson v. Neidlinger (City Ct. N. Y.) 2 N. Y. Supp. 737. So far as the defendant is concerned, all that appears is that in two of the months, and also for two of the months, he offered to pay

the rent to the landlord, who declined it. He offers no testimony that he offered to pay the rent at the instant it fell due. I think, in the absence of all evidence contra, it may be inferred against defendant that the landlord only accepted the rent from O'Reilly as it fell due, and that O'Reilly, as surety, paid the rent only when it was due. Wylde v. Railroad Co., 53 N. Y. 156, 163; McGuire v. Insurance Co., 7 App. Div. 575, 589, 40 N. Y. Supp. 300. Moreover, the surety may, without request of the principal, pay the debt before it is due, and after it is due sue the principal for indemnity; and the cause of action accrues when the debt becomes due. Brandt, Sur. § 205, citing authorities. I think that the action lies (McKeon v. Wendelken, supra; Jackson v. Port, 17 Johns. 479; Id. 239), and that the judgment must be affirmed.

The judgment must be affirmed, with costs. All concur.