(88 Misc. Rep. 262)

### MORRIS et al. v. SUERKEN.

(Supreme Court, Special Term, New York County. December, 1914.)

LANDLORD AND TENANT (§ 148*)—ASSIGNEE OF LEASE—LIABILITY—COVENANT TO PAY TAXES.

 Where a lease, with covenant by the tenant to pay all taxes when due, was assigned during the term, subject to its terms, the assignee was not liable for failure to pay a tax which did not become due until after the landlord accepted a surrender of the lease within the term.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 520–532; Dec. Dig. § 148.*]

Action by Melvin L. Morris and others, as trustees under the last will and testament of Levi Morris, deceased, against John P. Suerken. On motion by plaintiffs for a judgment on the pleadings. Motion denied.

Maurice S. Hyman, of New York City, for plaintiffs.

Kurzman & Frankenheimer, of New York City (John Frankenheimer, of New York City, of counsel), for defendant.

GOFF, J. The complaint sets forth a lease by the plaintiffs to defendant's assignor of certain premises for 15 years from May 1, 1899, to May 1, 1914, and the assignment of the lease to the defendant, subject to its terms. The particular term at issue is:

 The tenants "agree that they will pay all taxes and assessments which shall be levied or imposed upon said premises during the demised term when such taxes or assessments shall become due."

The plaintiffs claim that the defendant failed, on request, to pay the first half of the taxes for the year 1914, and that he is liable therefor. The answer sets up a surrender of the premises to the plaintiffs, accepted by them on April 30, 1914, and by way of affirmative defense that the defendant and his assignors have paid taxes on the premises for a total of 15 years, and that until 1911 the taxes were imposed in the month of September and payable on the first Monday

of October in each year, of which the respective parties had knowledge, and because of which they intended to obligate the lessee to pay only such taxes as were imposed *and payable* during the demised term and for a total of 15 years. It must be assumed for the purposes of this motion that there was such an actual surrender of the lease on April 30, 1914, and acceptance thereof by the plaintiffs. Is the defendant liable to pay a tax which did not become due and payable until after his surrender of the premises because of the covenant above quoted, by which he agreed to "pay all taxes * * * which shall be levied or imposed * * * during the demised term when such taxes * * * shall become due"?

The cases relied upon by the plaintiffs do not govern this case. In Ogden v. Getty, 100 App. Div. 430, 91 N. Y. Supp. 664, the covenant was to pay "all such taxes as should, during the said term, be laid, levied, assessed, or imposed on, or grow due or payable out of, or for or by reason of, the demised premises." The decision of the court was based entirely on the broad and unqualified language of the covenant and especially upon the unlimited word "imposed." In the present case the qualification is very clear: "When such taxes * * * shall become due." In Rundell v. Lakey, 40 N. Y. 513, 518, Grover, J., says:

"We have already seen that the real and only question between the parties was whether the plaintiff was liable for the payment of the tax, being owner at the time it was imposed by the board of supervisors, or whether the defendant, being owner at the time of the completion of the roll by the assessors, was liable."

This is not the question in the case at bar.

On the other hand, the defendant cites the case of Whitman v. Nicol, 38 N. Y. Super. Ct. 528, where the court construed a covenant in a lease to pay "all taxes and Croton water rates that might be imposed or assessed or become a lien on the premises at any time during the term, *when due and payable.*" Monell, C. J. (Speir, J., dissenting), says (pages 531, 532):

"But here the covenant is to pay taxes only when they are due and payable, and there cannot be a breach until the tax becomes due and payable. The mere *imposition of the tax* does not raise the liability to the landlord, so that he may maintain the action. The tenant has guarded against that by expressly limiting his obligation to a default in payment after the imposed tax becomes due. * * * It may be claimed, however, that it will be presumed, from the mere *imposition* of a tax, that it was immediately due upon the imposition being made. That may be so in respect to its lien upon the premises, but no presumption can be raised in respect to a personal obligation to pay, which is limited to the time when the tax in fact becomes due."

The learned counsel for the plaintiffs comments on the "certain antiquity" of this decision. That certainly need not condemn it, and the case of Rundell v. Lakey, supra, relied upon by him, antedates the Whitman Case by at least five years.

I do not regard the qualifying words "when due" as mere surplusage. On the contrary, they not only qualify the liability, but create it, and until the taxes are due no liability to pay them exists. As stated by Ingraham, P. J., in Ayer v. Bonwit, 161 App. Div. 122, 126, 146 N. Y. Supp. 301, 304:

"The general principle in the construction of instruments of this character is well settled—that an additional liability will not be imposed upon a tenant unless it is clearly within the provisions of the lease; but 'it has been held in many cases that the court will so construe a lease as to carry out the intention of the parties if possible.' Buchanan v. Whitman, 151 N. Y. 253 [45 N. E. 556]."

In view of the fact that during the first 11 years of the lease the taxes were imposed in September and due in October, it is at least a natural query whether it would not be contrary to the evident intention of the parties to compel payment of 16 annual taxes while the lease demised a term of only 15 years. Nor must the fact be wholly overlooked that the new lease, which commenced on May 1, 1914, expressly requires the tenant to pay "the annual taxes for the entire year of 1914." I therefore hold that any breach of the covenant in this case to pay the taxes imposed when due could not occur until May 1, 1914. The defendant was merely an assignee of the lease. His liability to the landlord for a breach of covenants running with the land, such as the covenant to pay taxes, rested on privity of estate and not on privity of contract. "The assignee is only liable for a breach of covenant which occurs while he is the owner of the term." McKeon v. Wendelken, 25 Misc. Rep. 711, 713, 55 N. Y. Supp. 626, 627. The lease was surrendered April 30, 1914. The tax became due May 1, 1914. The plaintiffs cannot hold the defendant liable for his failure to pay a tax which became due and payable after privity of estate between him and the plaintiffs had terminated.

Motion for judgment on the pleadings denied, with costs.

Motion denied, with costs.