ALEX SCHLESSEL and Another, Trading under the Firm Name and Style of GOLDEN STAR DRESS Co., Plaintiffs, *v.* DAVID SHERMAN and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, October 31, 1927.

**Landlord and tenant — action to recover rent under lease which lessee assigned under stipulation to remain responsible for rent — lease was subsequently assigned — lessee is liable to landlords — first assignee not liable to landlord or to lessee — second assignee is liable to lessee.**

This is an action for rent of premises leased to defendants and assigned to a third party with the written consent of plaintiffs, stipulating that such assignment did not release defendants " from responsibility under the lease." The assignee subsequently effected an assignment to another, and, on the latter's failure to meet the rent, this action was brought.

The defendant lessee is liable on his covenant in the lease, notwithstanding the assignment. However, no judgment can run in plaintiffs' favor against the first assignee, since the privity of estate was broken by the last assignment.

The first assignee is not liable to the lessee, since after the second assignment there was neither privity of estate nor privity of contract, and the relationship of principal and surety did not exist.

When an assignee assigns to a subsequent assignee, and the subsequent assignee defaults and the lessee is obligated to the landlord for the default, the lessee

has no cause of action against his assignee, since there is no privity of estate between them, nor is there privity of contract. In such instance, the principal obligor is the subsequent assignee, and the lessee has a cause of action against him.

ACTION to recover rent under lease which has been assigned.

*Leo Freedman,* for the plaintiffs.

*David H. Feldman,* for defendant Sherman.

*Louis J. Weber,* for defendant Katz.

GENUNG, J. The plaintiffs sue for rent of certain premises, situated at 327 West Thirty-sixth street, borough of Manhattan, for the month of May, 1927, amounting to $166.66, under a written lease, dated December 24, 1924, made by the plaintiffs with the defendants Sherman and Lefkowitz, and assigned, with the written consent of the landlords, to the defendant Katz on October 30, 1925. The consent to the assignment stipulated that it did not release said Sherman and Lefkowitz " from responsibility under the lease." Katz assigned the lease in February, 1926, to Gortona Dress Company, Inc.

The defendant Sherman appeared and by his answer herein asks that, in the event the plaintiffs are successful against him, he have judgment against the other defendant, Katz. The defendant Lefkowitz has not been served and has not appeared.

The plaintiffs are entitled to judgment against the defendant Sherman, but not against the defendant Katz. The defendant Sherman is not entitled to judgment against the defendant Katz.

Sherman, the lessee, is liable on his covenant in the lease, notwithstanding the assignment. (*Verschleiser* v. *Newman,* 76 Misc. 544; 1 McAdam Landl. & Ten. [4th ed.] 847.) Katz, the assignee of the lease, would be liable to the plaintiffs, not by reason of privity of contract but only by privity of estate. As the privity of estate was broken by a new assignment, Katz is not liable to the plaintiffs, as he has not assumed the covenants of the lease. (*Frank* v. *N. Y., L. E. & W. R. R. Co.,* 122 N. Y. 197.) Nor is Katz liable to Sherman, for the reason that, after the assignment by Katz, there was neither privity of estate nor privity of contract, and the relationship of principal and surety did not exist.

A lessee who assigns his lease and is obliged to pay the landlord for the default of the assignee, acquires a cause of action against the assignee, not by virtue of privity of contract or privity of estate, as neither exists in such a situation, but merely by reason of the fact that the lessee is surety for the obligation of the assignee and as between the surety, the lessee, and the principal obligor, the assignee, the latter should pay the obligation. However, when

the assignee assigns to a subsequent assignee, as in the instant case, and the subsequent assignee defaults and the lessee is obliged to pay the landlord for the said default, the lessee has no cause of action against his assignee, as there is no privity of estate between them nor is there privity of contract. Since in such a situation the assignee is not the principal obligor, the lessee may not recover from his assignee on principles of suretyship. In such instance the principal obligor is the subsequent assignee and the lessee would have a cause of action against him. (*McKeon* v. *Wendelken*, 25 Misc. 711; Walsh Law of Real Prop. 316.)

It follows, therefore, that the plaintiffs are entitled to judgment against the defendant Sherman, and that the complaint must be dismissed as against Katz, and the counter suit by Sherman must be dismissed as against Katz.