*237 OPINION OF THE COURT
Charles E. Ramos, J.
The sole issue to be determined in this commercial holdover proceeding is whether the respondent is liable for use and occupation from the end of her term to the date of trial, or if her liability extends only up to the date on which she offered to deliver vacant possession of the premises to the petitioner.
The respondent conducted her business at the subject premises for many years. Prior to the expiration of the last lease the parties failed to reach agreement on a renewal. The petitioner has since negotiated a new lease with another tenant at a rental rate which these parties have agreed would be the monthly rate for any use and occupation fixed herein.
The last rent accepted by the petitioner was for the final month of the lease (Feb. 1986) and no month-to-month tenancy was otherwise created.
In February the respondent informed the petitioner that she had no alternative but to hold over for a short time, and this proceeding was instituted in March. Prior to the trial the respondent vacated the premises.
On April 3, 1986, the respondent notified the petitioner’s agent that she wanted to deliver the keys and vacant possession. She was told by the petitioner’s agent to leave the keys at a shop he owned in the area. Within minutes the agent telephoned the respondent and stated that he could not yet accept the keys. Thereafter, all attempts to deliver the keys were rejected until the date of trial in mid-April, when they were delivered in the presence of the court.
The petitioner contends that the respondent’s attempt to deliver the keys on April 3 was without his consent and was therefore ineffective to constitute a surrender. The petitioner also contends that because he was under no duty to mitigate his damages the respondent continued to be responsible for use and occupation until he accepted the keys at trial.
In addition, the petitioner seeks to hold the respondent liable for the entire month of April by applying the rule against apportionment, because the respondent vacated after the new rental period (Apr.) had begun.
The petitioner’s arguments are flawed.
With regard to the rule against apportionment, the lease had expired by its terms and no month-to-month tenancy was created. The rights of a landlord in a wrongful holdover are fixed by statute.
*238 Real Property Law § 232-c provides that upon a holding over by a tenant whose term is for more than one month, the landlord may proceed to evict the tenant, or, if the landlord accepts rent for any period subsequent to the expiration of the term, a month-to-month tenancy is created.
Real Property Law § 232-c expressly provides that the fact of holding over shall not, as it did in the common law, give to the landlord the option to bind the tenant to a new term solely by virtue of the tenant’s holding over. (See, United Merchants’ Realty & Improvement Co. v Roth, 193 NY 570.)
Since the rule against apportionment can apply only in the presence of a periodic tenancy and as none exists, it is inapplicable.
Likewise, all of the petitioner’s contentions that a return of the keys or a tender of the premises vacant must be accompanied by an act of acceptance by the landlord, presumes the continued existence of some form of tenancy.
Unless a lease has been terminated by some act of default by the tenant, there is no requirement that the delivery of vacant possession be accepted by the landlord in a holdover. Acceptance is necessary only where the landlord is releasing the tenant by accepting the surrender of the balance of the lease or such other form of tenancy. A tenant who remains in possession of leased premises during his term is liable for the rent unless and until the landlord explicitly or implicitly acquiesces in the tenant’s surrender. The surrender manifests an intention to reconvey the leasehold to the landlord.
A surrender is the giving up by a tenant of his term to his landlord, upon acceptance of the surrender the term merges with the reversion and the relationship of landlord and tenant is terminated (First Stamford Natl. Bank & Trust Co. v Pierce, 161 Misc 756). A tenant is therefore discharged from any further liability under the lease. (See, Fernschild v Brown, 255 App Div 983, affd 280 NY 782; also, Morris v Suerken, 88 Misc 262.)
In the case at bar, the leasehold had been terminated, there was nothing to reconvey, and there was no liability except for past use and occupation, therefore, there was no need for an acceptance, there was nothing left to release.
The petitioner’s reliance upon the provision in the lease that states that mere delivery of the keys fails to affect a surrender, relates to a delivery during the term of the lease. Such a provision is intended to protect a landlord from a *239 claim by a tenant that by accepting the keys the landlord has waived the tenant’s contractual obligation for the balance of the lease term. That provision does not apply to a holdover and therefore is irrelevant.
The petitioner has sought to recover use and occupation, not rent. The right to seek use and occupation was granted by statute (Real Property Law § 220) which provides that the landlord may recover reasonable value for use (City of New York v Fink, 130 Misc 620). The tenant’s use, and her liability for that use, ended as of April 3, 1986, the day she tendered vacant possession to the petitioner.
For the reasons stated above, judgment is granted to the petitioner for use and occupation at the rate of $1,663 per month, limited to the period March 1, 1986 to April 3, 1986. No award of attorney’s fees in the exercise of discretion.