Beulah Warner, Appellant,
against
Alvin Lyon and LaQuanda Pierce, Also Known as Destiny Pierce, Respondents.




Beulah Warner, appellant pro se.
Alvin Lyon and LaQuanda Pierce a/k/a Destiny Pierce, respondents pro se.

Appeal, on the ground of inadequacy, from a decision of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), dated June 7, 2017, deemed from a judgment of that court entered August 2, 2017 (see CPLR 5512 [a]). The judgment, entered pursuant to the June 7, 2017 decision, after a nonjury trial, awarded plaintiff the principal sum of $6,640.




ORDERED that the judgment is affirmed, without costs. 
Plaintiff, defendants' former landlord and upstairs neighbor, commenced this action to recover $10,850 in unpaid rent and use and occupancy. At a nonjury trial, plaintiff testified that she had raised the rent from $1,600 to $1,850 starting in July 2016, but, after defendants had refused to pay the increased amount and complained of repair issues in the premises, she had terminated their month-to-month tenancy and commenced a holdover proceeding. That proceeding was settled pursuant to a stipulation wherein the parties agreed, among other things, that plaintiff would be awarded a final judgment of possession, that defendants would vacate by November 6, 2016, and that, upon the return of the keys to the premises, plaintiff would provide defendants with a written receipt for same. Defendants testified that plaintiff had been notified repeatedly by defendants that there was a leak in the premises, that plaintiff did not repair the leak for more than five months, and that the leak had prevented defendants from using one of the [*2]bedrooms and their kitchen cabinets. Defendants vacated the premises on November 12, 2016 and attempted to return the keys to plaintiff, but plaintiff refused to accept the keys, telling defendants to put them in the mailbox. Defendants stated that they did not do so because they wanted a written receipt therefor, as provided for in the holdover stipulation. Plaintiff testified that she did not otherwise have access to the apartment, so she waited until January 11, 2017 to gain access, when the marshal could next schedule the eviction. Consequently, she was seeking $1,600 for June 2016 and $1,850 for the months of July 2016 through January 2017. 
In a decision dated June 7, 2017, the Civil Court (Joy F. Campanelli, J.) held, without making any findings of fact, that plaintiff was entitled to a judgment in the amount of $6,640. A $6,640 judgment was subsequently entered on August 2, 2017.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Although the Civil Court did not specify its reasons for awarding plaintiff less than the $10,850 she sought, in our opinion, the Civil Court's determination is supported by the evidence.
Where, as here, a tenant holds over after termination of the tenancy, use and occupancy may be awarded based on proof of the rent paid under the expired lease (see Siodlak v Light, 50 Misc 3d 141[A], 2016 NY Slip Op 50202[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Liability for use and occupancy terminates when the tenant's actual use of the subject premises ends, as the rule against apportionment, which applies to rents, does not apply to use and occupancy (see Vanchev v Mulligan, 52 Misc 3d 138[A], 2016 NY Slip Op 51121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Rustagi v Sanchez, 44 Misc 3d 137[A], 2014 NY Slip Op 51245[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Moreover, a landlord's refusal to accept the keys to the premises does not extend the period of the tenant's use (see Elliot v Polny, 132 Misc 2d 236 [Civ Ct, NY County 1986]). Finally, a setoff for a breach of the warranty of habitability is not limited to the months for which rent is demanded, but may be obtained for prior months (see Edgemont Corp. v Audet, 170 Misc 2d 1040 [App Term, 2d Dept, 9th & 10th Jud Dists 1996]). 
Calculating the use and occupancy owed at the previous rental rate of $1,600 per month for the period of June 1, 2016 through October 31, 2016, and prorating that rate for the period of November 1 through November 12, 2016, results in the sum of $8,640 for use and occupancy. As the leak in the premises, of which plaintiff had notice, lasted for at least five months, we find that a $2,000 abatement of the $8,640 use and occupancy was warranted.
Accordingly, the judgment is affirmed. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019