(65 Misc. Rep. 45.)

USEFOF v. HERZENSTEIN et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. BILLS AND NOTES (§ 396*)—"DEMAND NOTE."
   Negotiable Instruments Law (Consol. Laws, c. 38) § 33, provides that, where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to fill the blanks therein. Section 205 provides that, where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made or assented to the alteration and subsequent indorsers, but that, when an instrument has been materially altered, and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment according to its original tenor. Sec-tion 26 defines a "demand note" as one expressly payable on demand, or in which no time for payment is expressed. *Held*, that where a note was not expressly payable on demand, and blanks were left for the dates, and the holder was expressly authorized by the maker and indorser to fill in the blanks, and did so, making the note payable on a certain date, it was not a "demand note," requiring its presentment and protest within a reasonable time after the holder received it, in order to charge the in-dorser.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1022, 1023; Dec. Dig. § 396.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ALTERATION OF INSTRUMENTS (§ 12*)—AUTHORITY OF HOLDER.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 33, providing that, where the instrument is wanting in any material particulars, the person in possession thereof has prima facie authority to complete it by filling up the blanks therein, where a note did not call for interest, and there was no blank in which to add the words "with interest," the holder was not authorized to add such words.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. § 81; Dec. Dig. § 12.*]

Appeal from City Court of New York, Trial Term.

Action by Bella Usefof against David Herzenstein, impleaded with others. From a judgment for plaintiff, and from an order denying a new trial, defendant Herzenstein appeals. Judgment modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Oppenheimer & Schreier (Bernard H. Arnold, of counsel), for appellant.

Joseph Wilkenfeld, for respondent.

GILDERSLEEVE, P. J. The defendant Morris Herzenstein made the following note:

```
1000.                        New York                    190
      after date          promise to pay
   to the order of
         One thousand dollars
      at 108 Grand Street, New York.
Value received.                              M. Herzenstein.
```

The entire note was in print, except the words "One thousand dollars" and "108 Grand Street, New York," and the signature, "M. Herzenstein." In this form it was indorsed by the defendant David Herzenstein, and then delivered to plaintiff for value on December 27, 1904, and said Morris Herzenstein, in the presence of David Herzenstein, and without objection from him, told plaintiff that she "could fill in the dates at any time that she wanted the money, because he did not know when he would be able to pay." Some time in October, 1907, nearly three years later, the defendant Morris Herzenstein ran away and disappeared, and in January, 1908, the plaintiff filled in the blanks so as to make the note read as follows:

```
$1000.                               New York, Dec. 27, 1904.
      January 15, 1908, after date I promise to pay
            to the order of B. Usefof
         One thousand dollars
            at 108 Grand Street, New York.
Value received.                              M. Herzenstein.
```

On January 15, 1908, the note thus filled in was protested, and plaintiff sued the maker and indorser on the said note and recovered judgment. The indorser appeals.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Negotiable Instruments Law (Consol. Laws, c. 38) § 33, provides that:

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein."

See, also, National Exchange Bank v. William Sister, 194 N. Y. 461, 471, 87 N. E. 779, 21 L. R. A. (N. S.) 402.

In the latter case the court said:

"Where a party to commercial paper intrusts it to another, with a blank therein designed to be filled up with the amount, such party is liable to a bona fide holder of the instrument for the amount filled in, even though it be larger than was stipulated with the person to whom immediate delivery was made. * * * So, also, a note executed with a blank therein for a statement of the place of payment is not avoided in the hands of a bona fide holder for value by the insertion in the blank of a place different from that agreed upon by the original parties."

Section 205 of the negotiable instruments law reads thus:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

The indorser, by not objecting, assented to the permission given by the maker to the holder to fill in the dates, while under section 33 of the negotiable instruments law, as we have seen, she had the right to complete the note by filling up the blanks.

The appellant claims that the note was a demand note, and that plaintiff lost her rights by not presenting the note and protesting the same within a reasonable time after receiving the said note. A demand note is one expressly payable on demand, or one in which no time for the payment is expressed. See Negotiable Instruments Law, § 26. But the note in suit was not expressly payable on demand, and blanks were left in which to put in the dates, and, as we have seen, plaintiff was expressly authorized by the maker to fill in the said blanks, to which permission the indorser assented. The note, in reality, was not altered, but merely completed, by the necessary filling in of the blanks.

All the issues of fact were correctly submitted to the jury, who, upon sufficient evidence, found for plaintiff in the sum of $1,000, the amount of the note. Under direction of the court, however, the jury altered their verdict by adding interest from the date of the note, December 27, 1904. The defendant's objection to this alteration of the verdict was well taken. While plaintiff had a right to complete the note, she was without authority to alter the same by adding interest. The note does not call for any interest, either in its original or completed form, nor is there any blank in which to add the words "with interest," nor was plaintiff given any permission by the defendants to add interest.

The judgment must be modified, by deducting therefrom the amount allowed for interest previous to January 15, 1908, when it became due and was protested, and, as so modified, affirmed, without costs of this appeal to either party. All concur.