GEORGE KEISTER, Plaintiff, v. HENRY C. WADE,
Defendant.

(Supreme Court, New York Trial Term, November, 1919.)

Negotiable instruments — incomplete note — actions.

> An action will not lie to recover upon a promissory note
> reading " ........ after date I promise to pay," etc.

ACTION upon a promissory note.

Putney, Twombly & Putney (Walter H. Griffin, of
counsel), for plaintiff.

Joseph M. Herzberg, for defendant.

PENDLETON, J.  The suit was on a promissory note.
The note put in evidence is as follows: " Sept. 10,
1918. ————————— after date I promise to pay to
George Keister or order," etc.  Defendant moved at
the end of plaintiff's case and at the end of the whole
case to dismiss the complaint on the ground that the
note in evidence was not a completed instrument.
Decision of the motions was reserved.  The jury found
for plaintiff on the issues of fact in the case, and the
question now comes up on these motions.  Section 20
of the Negotiable Instruments Law provides as fol-
lows: " Form of negotiable instrument.—An instru-
ment to be negotiable must conform to the following
requirements:  1. It must be in writing and signed by
the maker or drawer; 2. Must contain an unconditional
promise or order to pay a sum certain in money;
3. Must be payable on demand, or at a fixed or deter-
minable future time; 4. Must be payable to order or
to bearer; and 5. Where the instrument is addressed

to a drawee he must be named or otherwise indicated therein with reasonable certainty.'' An instrument which fails to comply with these provisions is incomplete. Plaintiff contends that no date of payment is expressed in the note, and that it is therefore, under section 26, a demand note, and is thus a completed instrument. Section 26 reads as follows: '' When payable on demand.—An instrument is payable on demand: 1. Where it is expressed to be payable on demand, or at sight, or on presentation; or 2. In which no time for payment is expressed. Where an instrument is issued, accepted or indorsed when overdue, it is, as regards the person so issuing, accepting or indorsing it, payable on demand.'' The sole question involved, therefore, is whether a note reading '' ———————— after date I promise to pay,'' etc., is an uncompleted note or a note in which '' no time for payment is expressed.'' It seems quite clear that if a note reads simply '' I promise to pay,'' etc., it is an instrument in which no time for payment is expressed. It may be conceded, without admitting that the same is true, if it reads '' I promise to pay hereafter to,'' etc., or '' I promise to pay after date to,'' etc., and that putting the words '' hereafter '' or '' after date '' before the words '' I promise '' so as to read ''After date I promise to pay,'' etc., can make no difference. The question is therefore whether leaving a space for filling in followed by '' after date '' in small letters essentially alters the case. I think it does. It is impossible not to see on inspecting the note that a blank has been left to be filled in. Until this is done the instrument appears on its face to be incomplete. The instrument must be looked at as a whole; the space left in blank and the fact that the words '' after date '' commence not with a capital but with a small *a*

is as much a feature of the instrument as any other part of it and cannot be disregarded. It shows the parties intended an instrument in which the time of payment should be expressed, not one in which no time of payment is stated. Any other construction would do violence to the plain intent of the parties themselves. In *Usefof* v. *Hernzenstein,* 65 Misc. Rep. 45, the note was, so far as this question is concerned, exactly in the form here presented, viz.: "——————— after date ——————— promise," etc. It was held not to be a demand note, because neither expressly payable on demand nor an instrument in which no time for payment is expressed, but was a note in which a blank was left in which to put in the date. In *Farmers' Bank* v. *Thomas,* 79 Hun, 595, it was said that a blank preceding the words " after date " plainly indicated that a specified time was to be inserted, that the form was that of a *time note* and not a *demand* note, and there was no implied authority to fill in the blank the words " on demand." Whatever may be said as to plaintiff's right to fill in the blank under section 33 of the Negotiable Instruments Law, which reads as follows: " Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument,

after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time ''— he did not do it. The instrument sued on being incomplete, the complaint must be dismissed, with costs.

Judgment accordingly.