GEORGE KEISTER, Appellant, *v.* HENRY C. WADE, Respondent.

First Department, May 14, 1920.

**Bills and notes — instrument not stating date of payment is payable on demand — issue of negotiability not involved in suit against maker by payee — verdict establishing consideration — appeal — when Appellate Division may give judgment for plaintiff on reversing judgment for defendant.**

An instrument conforming to the requirements of section 20 of the Negotiable Instruments Law, except that the space for the date of payment is left blank, is a negotiable instrument payable on demand by virtue of subdivision 2 of section 26 of the Negotiable Instruments Law. Hence, the court should not refuse to enforce the liability of the maker of such instrument upon the ground that it is invalid and unenforcible because incomplete.

The aforesaid provisions of the Negotiable Instruments Law are a mere codification of long-established principles of the common law.

However, as between the maker and the payee of such instrument the question of negotiability is not involved where the action is brought by the payee against the maker, for whether negotiable or not the instrument made a valid contract between the parties for the payment of money and is enforcible as such.

As in an action upon such note the jury resolved the question as to the existence of a consideration in favor of the plaintiff, the payee, and the verdict was not set aside by the court which dismissed the complaint on an erroneous theory of law, the Appellate Division on reversing judgment for the defendant may give judgment for the plaintiff.

APPEAL by the plaintiff, George Keister, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on

the 20th day of November, 1919, and also from a judgment entered thereon in said clerk's office on the 24th day of November, 1919, as amended by an order entered in said clerk's office on the 12th day of December, 1919, dismissing the complaint at the close of the case after a verdict in favor of the plaintiff.

*Walter H. Griffin* of counsel [*Putney, Twombly & Putney,* attorneys], for the appellant.

*Joseph M. Herzberg,* for the respondent.

MERRELL, J.:

The action was upon a promissory note made by the defendant, payable to the plaintiff. The note, so far as pertinent to the question involved upon this appeal, was in the following form:

" $3,100 00/100               NEW YORK, *September* 10, 1918.

"............after date, without grace, the undersigned for value received hereby promises to pay to George Keister or order at his office No. 56 West 45th Street, New York City, the sum of $3,100 00/100 with interest at the rate of 6% per annum, having deposited herewith and pledged as collateral security for the payment of this and any other liability of the undersigned Keister now due or hereafter to become due the following property: five hundred (500) shares of the capital stock of the Cuban Motor Spirits Company.   *   *   *"

The instrument then further provided for a sale of the said collateral pledged as security for the payment of the note in case of default in payment, and was signed by the maker, Henry Clay Wade.

The answer of the defendant admitted the execution and delivery of said note to the plaintiff, but alleged that the defendant made the note for the benefit and accommodation of the plaintiff and without the plaintiff's paying to the defendant any value or consideration therefor.

The action was tried and presented to the jury upon the sole issue as to whether or not the note was upon due consideration paid by the plaintiff to the defendant. The plaintiff, after proving the execution and delivery of the note

and demand and refusal of payment, rested. Thereupon defendant moved to dismiss the complaint on the ground that plaintiff had failed to prove a cause of action, particularly that the note sued upon was an incomplete instrument upon its face, there being no time for payment thereof expressed, and upon which motion to dismiss the court reserved decision. The defendant, thereupon, introduced testimony tending to show that the note was given for plaintiff's accommodation and was without consideration. In rebuttal the plaintiff disputed defendant's contention in this respect, and gave testimony showing that the note was made for value received. At the close of the evidence defendant's motion to dismiss, made at the close of plaintiff's case, was renewed, and the court again reserved decision thereon. The issues were thereupon submitted to the jury, and a verdict was rendered in plaintiff's favor against the defendant for $3,310.68, being the full amount claimed, with interest. Thereupon, counsel for the defendant moved to set aside the verdict upon the grounds mentioned in section 999 of the Code of Civil Procedure, and upon the ground that the verdict was contrary to law and excessive in amount. The record does not show that such motion was entertained by the court, and the court did not determine the same. Counsel for the defendant, thereupon, again renewed the motion, made in defendant's behalf at the close of the plaintiff's case and at the close of the evidence, for the dismissal of the complaint on the ground that the plaintiff had failed to prove a cause of action, particularly that the note sued upon was an incomplete instrument upon its face, there being no time for payment thereof expressed, upon which decision had theretofore been reserved. Thereupon, the court again reserved decision thereon, and called for briefs on the question involved as to the validity of the note in suit. Briefs were submitted and the court made its decision, holding that the note in suit was an incomplete instrument, and thereupon dismissed the plaintiff's complaint, with costs. (109 Misc. Rep. 313.) Upon such decision the order and judgment appealed from were entered.

I think the court was clearly in error in holding the note in suit to be invalid and unenforcible as an incomplete instrument.

In its decision the court below based its dismissal of the complaint upon the proposition that the note in suit was not negotiable. I think, within the plain provisions of the Negotiable Instruments Law, the note was negotiable as an instrument payable upon demand. Section 20 of the Negotiable Instruments Law provides as follows:

" Form of negotiable instrument. An instrument to be negotiable must conform to the following requirements: * * *

" 3. Must be payable on demand, or at a fixed or determinable future time; * * *."

Section 26 defines an instrument payable on demand as follows:

" When payable on demand. An instrument is payable on demand:

" 1. Where it is expressed to be payable on demand, or at sight, or on presentation; or,

" 2. In which no time for payment is expressed."

The note in suit clearly satisfies all of said statutory requirements as a negotiable instrument. It provides as follows:

" . . . . . . . . . . . after date, without grace, the undersigned for value received hereby promises to pay to George Keister or order at his office * * * the sum of $3,100 00/100 with interest at the rate of 6% per annum, * * *."

The note in suit is, therefore, an instrument in which no time for payment is expressed, and, being such, is, under the provisions of section 26 of the Negotiable Instruments Law, payable on demand and, therefore, a negotiable instrument within the statute. Moreover, the question of negotiability is not, I think, involved in this case. The note was, in fact, never negotiated, the action being brought by the payee against the maker. Aside from the fact whether it is negotiable or not, the note in suit is a contract between the parties for the payment of money, and is signed by the defendant. The provisions of the Negotiable Instruments Law above referred to are but the codification of well-settled and long-established principles of common law. Where no specific time is mentioned when a note is to be paid, it is payable immediately upon demand. The common-law rule with reference to promissory notes of this character is well expressed

in Daniel on Negotiable Instruments (Vol. 1 [6th ed.], p. 134), as follows: " Sometimes they are made payable on demand, or no time is specified, in which case on demand is understood. If the time of payment be left blank, as, for instance, if the instrument be payable '...... months after date,' the like rule would apply."

Had the words, " after date, without grace," been omitted from the note in suit, it would have read: " the undersigned for value received hereby promises to pay to George Keister," etc. Under those circumstances it could not be successfully contended that the note was not payable upon demand. The early case of *Thompson* v. *Ketcham* (8 Johns. 192) stated the common-law principle as follows: " The time of payment is part of the contract, and if no time be expressed, the law adjudges that the money is payable immediately. This is not only a positive rule of the common law, but it is a general principle in the construction of contracts." (See, also, *Bradford, E. & C. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 123 N. Y. 316.)

There can be no question but that under well-settled principles of common law the instrument in suit was a contract between the parties for the payment of the sum of money therein stated, upon demand, and as between the parties the note was a complete and enforcible contract.

The jury resolved the question as to consideration in favor of the plaintiff, and their verdict was not set aside by the court.

I think the judgment and order appealed from should be reversed, with costs, and that the plaintiff should have judgment against the defendant upon the verdict of the jury in his favor, together with the costs of the action.

DOWLING, LAUGHLIN, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and judgment ordered to be entered on the verdict in favor of plaintiff, with costs.